**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAURICE LACEY,

    Plaintiff,

  v.                                           No. CIV 09-1152 MV/LAM

ROD CALDWELL, FOOD SERVICE DIRECTOR,
CANTEEN CORRECTIONAL SERVICES, INC.,
CORRECTIONAL MEDICAL SERVICES,
DR. WILLIAM SHANNON, RON TORRES
DIRECTOR, BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,
BOARD OF BERNALILLO COUNTY
COMMISSIONERS, ET AL.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that medical staff ordered a special diet for Plaintiff but "food service" has failed to comply with the order. Other Defendants have failed to correct the situation or allow Plaintiff to file grievances. Plaintiff asserts that Defendants' actions violate his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages and injunctive relief.

Except for claims against Defendant Caldwell, Plaintiff's allegations fail to support claims for relief. Plaintiff concedes that medical staff ordered the special diet, and only food service personnel have allegedly failed to comply with the order. Therefore, the allegations against Defendants other than Caldwell do not affirmatively link them to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action may not be based solely on a theory of respondeat superior liability for the actions of a defendant's subordinates or co-workers. *See id.* Likewise, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court will dismiss claims against the Defendants other than Caldwell.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 5) is GRANTED, and the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Canteen Correctional Services, Inc., Correctional Medical Services, Dr. William Shannon, Ron Torres, Bernalillo County Metropolitan Detention Center, and Board Of Bernalillo County Commissioners are DISMISSED with prejudice; and Defendants Canteen Correctional Services, Inc., Correctional Medical Services, Dr. William Shannon, Ron Torres, Bernalillo County Metropolitan Detention Center, and Board Of Bernalillo County Commissioners are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Caldwell;

IT IS FURTHER ORDERED that Plaintiff's letter-motion for an order requiring an answer (Doc. 6) is DENIED without prejudice.

_____
UNITED STATES DISTRICT JUDGE