**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MAURICE LACEY,**

    **Plaintiff,**

**v.**                                              **No. CV 09-1152 MV/LAM**

**ROD CALDWELL, et al.,**

    **Defendants.**

# ORDER TO FILE A *MARTINEZ* REPORT
# AND SETTING DEADLINES FOR DISPOSITIVE MOTIONS

**THIS MATTER** is before the Court *sua sponte* following a review of the record. Plaintiff is an inmate proceeding *pro se* and *in forma pauperis*. On December 7, 2009, Plaintiff filed his ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** *(Doc. 1)* (hereinafter "***Complaint***"), in which he alleges that he is being denied his medical diet in violation of his constitutional rights. ***Complaint*** *(Doc. 1)* at 2-3. On December 28, 2009, Plaintiff filed a second ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** *(Doc. 3)* (hereinafter "***Amended Complaint***"), restating his allegation in his original complaint, and additionally alleging that he has been denied adequate treatment for a serious medical condition. ***Amended Complaint*** *(Doc. 3)* at 2-4. On February 18, 2010, Chief Judge Martha Vázquez entered a ***Memorandum Opinion and Order*** dismissing Plaintiff's claims in his ***Complaint*** *(Doc. 1)* against Defendants other than Mr. Caldwell. ***Memorandum Opinion and Order*** *(Doc. 7)* at 2-3. On May 19, 2010, Chief Judge Martha Vázquez entered a second ***Memorandum Opinion and Order*** dismissing Plaintiff's claims in his ***Amended Complaint*** *(Doc. 3)* for failure to allege claims that would implicate constitutional protections. ***Memorandum Opinion and Order*** *(Doc. 11)* at 1-2. Defendant Caldwell has been served with process and answered the ***Complaint*** *(Doc. 1)* stating that Plaintiff fails to state a claim for relief under Section 1983 and that Plaintiff has

failed to exhaust his administrative remedies, among other affirmative defenses.  *See* **Answer of Defendant Rod Caldwell** *(Doc. 10)* at 3-5.  No dispositive motions have been filed in this case.

At the outset, the Court notes that an amended complaint usually supersedes the claims raised in the original complaint, unless the amended complaint "refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see also In re Wright*, Bankr. No. 7-09-10892 JR, 2009 WL 3633811, *2 (Bankr. D.N.M. Oct. 30, 2009) (unpublished).  Because Plaintiff's **Amended Complaint** *(Doc. 3)*, at 4, alleges that "Correctional Medical Services Inc. has ordered a medical diet for me but refuses to enforce it with the Facility Food Services," which incorporates his claim against Defendant Caldwell from his **Complaint** *(Doc. 1)*, it appears that Plaintiff's **Amended Complaint** *(Doc. 3)* does not supersede his **Complaint** *(Doc. 1)*, and Plaintiff's claims against Defendant Caldwell are still pending before the Court.  *See, e.g.*, *In re Wright*, 2009 WL 3633811 at *2 (holding that because the plaintiff was *pro se* and made references to claims in the original complaint, the court would consider the amended complaint as having incorporated by reference all of the allegations contained in the original complaint) (citing *Smith v. U.S.*, 561 F.3d 1090, 1096 (10th Cir. 2009) ("[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") (citation omitted)).

Because Plaintiff is proceeding *pro se* and has been a prisoner throughout the time period at issue in his complaint, and because the Court needs further information to evaluate the merits of his claims, the Court will require Defendant Caldwell to prepare a *Martinez* report to assist the Court in evaluating Plaintiff's claims.  The Court will also require Defendant Caldwell to prepare and file dispositive motions to assist the Court in evaluating Plaintiff's claims.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order Defendant Caldwell to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of his investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports."). A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that:

1. Defendant Caldwell shall prepare a *Martinez* report addressing the claim raised in Plaintiff's **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** *(Doc. 1)* by:

   a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any officials and other persons who dealt directly with Plaintiff concerning the matters that are the subject of his claims or who have knowledge of such matters; whether any records or documents exist pertaining to such matters and, if so, a description of those records and documents and of their contents; and whether any policies, procedures, rules or regulations address the matters that are the subject of his claims and, if so, a description of those policies, procedures, rules or regulations and their contents;

   b. Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph "a";

    c. Providing affidavits in support of the report, if necessary; and

    d. Providing copies of any prison administrative grievance procedures for inmate complaints about the matters that are the subject of Plaintiff's claims **in effect during the time period at issue in Plaintiff's claims,** and copies of all records and documents pertaining to Plaintiff's exhaustion of administrative remedies with respect to his claims.  **Defendant Caldwell is cautioned to carefully review the materials he submits regarding prison administrative grievance procedures, and all other materials submitted as part of the *Martínez* report, to ensure that such materials were in effect during the time period at issue.  If, during that time period, relevant materials were amended or revised, Defendant Caldwell shall submit copies of all relevant versions of the materials, indicating the content and effective date of any amendments or revisions that were made.**

  2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of records and documents alone, or records and documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order.

  3. **All records and documents submitted with the *Martinez* report must be submitted with an index.  The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number.  Additionally, the report and each record and document submitted with the report must have its pages numbered using a Bates stamp, or similar numbering system, that numbers each page consecutively.**

  4. **The report, and all records and documents submitted with the report, must be clear and legible.  In addition to the copies that are filed with the Court and served on**

**Plaintiff, a complete copy of the report <u>must be provided to the undersigned's chambers in a binder that is fully tabbed to correspond to the index and exhibit labels</u>.**

5. **THE PARTIES SHALL FILE THEIR *MARTINEZ* REPORT DOCUMENTS AS SEPARATE DOCUMENTS AND SHALL NOT COMBINE THEIR *MARTINEZ* REPORT DOCUMENTS WITH ANY MOTION, RESPONSE TO A MOTION OR REPLY IN SUPPORT OF A MOTION.**

6. Defendant Caldwell shall file and serve his *Martinez* report and dispositive motions **on or before June 24, 2010**;

7. Plaintiff shall file and serve his response to the *Martinez* report and his responses to Defendant Caldwell's dispositive motions **on or before July 12, 2010**; and

8. Defendants shall file and serve their replies, if any, to Plaintiff's responses **on or before July 29, 2010**.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*. As such, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendants' defenses in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

**IT IS SO ORDERED.**

*(signature)*
**HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**